**\*E-Filed 05/19/2010\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VENADA VANCE THOMAS,<br><br>              Plaintiff,<br>   v.<br><br>THE COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant.<br>_____/ | **No. C 08-05769 RS**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

Plaintiff Venada Vance Thomas filed an application for Social Security disability insurance benefits in 2002. Her application was initially denied, and she sought review in this Court. In January 2010, the Court reversed the Social Security Administration's findings and remanded for an award of benefits. Thomas's attorney James Hunt Miller now requests that the Court award attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $5,012. For the reasons stated below, the motion will be granted.

"In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. and Care Home, Inc. v. W.Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602 (2001). "Under this American Rule, we follow a general practice of not awarding fees to a prevailing party absent explicit statutory

authority." *Id.* (internal quotation marks and citation omitted). "Congress, however, has authorized the award of attorney's fees to the 'prevailing party' in numerous statutes." *Id.*

Among those statutes is the EAJA, the basis for the instant motion. The statute provides that in lawsuits brought by or against the United States, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Court has discretion in determining the amount of a fee award under the EAJA, including the reasonableness of the hours claimed by the prevailing party. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). In making its determination, the Court should provide a concise but clear explanation of its reasons for the fee award. *Hensley*, 461 U.S. at 437. When considering an EAJA fee application, the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* at 433.

In the instant action, the parties do not dispute the reasonableness of the hourly rate of Thomas's attorney, nor do they contest the reasonableness of the time he expended. They do, however, dispute whether "the position of the United States was substantially justified" under § 2412(d)(1)(A). It is the government's burden to show that its position was substantially justified or that special circumstances existed. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "Substantially justified" means "justified in substance or in the main,—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (interior quotation marks omitted). A substantially justified position must have a reasonable basis both in law and fact. *Id.*; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995) ("In this circuit, we apply a reasonableness standard in determining whether the government's position was substantially justified for purposes of the EAJA."); *see also Comm'r of the INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items.").

2

The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions"). Thus the present inquiry "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). "Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Pierce v. Underwood*, 487 U.S. 552, 568 (1988). In short, if reasonable minds could differ on the merits of the case, the Ninth Circuit will not reverse a district court's decision to deny EAJA attorney fees. *Gonzalez v. Free Speech Coalition*, 408 F.3d 613, 621 (9th Cir. 1995).

Thus, here, *Jean* and *Kali* suggest there are two aspects of the underlying case whose reasonableness must be examined: (1) the Social Security Administration ("SSA")'s initial failure to award benefits to Thomas, and (2) the SSA's defense of its actions before this Court in the course of Thomas's appeal. Both of these aspects are ultimately tied to the determination by the Administrative Law Judge ("ALJ") that Thomas had a residual functional capacity ("RFC") "sufficient to perform a wide range of light work"—a conclusion this Court has reversed. Administrative Record ("AR") at 23. The Court's prior order granting summary judgment in favor of Thomas rested on the conclusion that this RFC finding was "not supported by substantial evidence—that is, 'evidence that a reasonable mind might accept as adequate to support the conclusion.'" Order of January 5, 2010 (quoting *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995)). In so finding, the order observed, "One non-examining physician's highly optimistic opinion is not reasonably adequate to support the ALJ's RFC finding, especially since that opinion is at odds with the pessimistic opinions of four other treating or examining physicians and is also unsupported by the bulk of the record. *Morgan* [*v. Apfel*, 169 F.3d 595, 602 (9th Cir. 1999)]

3

1  (prohibiting decision-makers from rejecting the opinions of treating and examining physicians in
2  favor of a non-examining physician, unless the non-examiner's findings are otherwise consistent
3  with the record)." *Id.* As the prior order thus explained that the SSA's initial failure to award
4  disability benefits was not reasonable, the first prong of the test stated in *Kali* is not met here.

5  The second prong of the *Kali* test, which focuses on the SSA's defense of the ALJ's RFC
6  assessment in this Court, is similarly not met, because of the lack of evidence to support such an
7  RFC. The SSA, in its brief in support of the instant motion, focuses on the ALJ's comments
8  concerning Thomas's lack of credibility as the principal basis for his RFC assessment and argues the
9  Court failed to address that finding. An examination of the ALJ's order reveals that his comments
10 as to Thomas's credibility were based on her history of non-compliance with prescription
11 medication recommendations and her refusal to have surgery for carpal tunnel syndrome or to take
12 insulin to treat her diabetes. AR at 24. In addition to explaining how these factors impacted
13 Thomas's credibility, the ALJ also noted, crucially, that "the undersigned has determined that this
14 case may be decided on medical and vocational factors rather than noncompliance" and that
15 Thomas's "medically determinable impairments could reasonably be expected to produce the
16 alleged symptoms." *Id.* at 23, 24. Thus, the ALJ's credibility assessment did not form the stated
17 basis for his RFC finding; rather, that finding was based on "medical and vocational factors." As
18 the Court previously found that these factors were not based on evidence that a reasonable mind
19 might accept as adequate to support the conclusion, the second prong of *Kali* is not met here.

20 Consequently, Thomas's motion for fees under the EAJA will be granted. Similarly, the
21 costs of evaluating the SSA's opposition to the instant motion will also be awarded to Thomas.

4

Plaintiff's counsel has represented to the Court that he expended $4,352 for 25.3 hours of work in pursuing Thomas's appeal in this Court. He further represents that he spent 4.0 hours contesting the instant motion, for a total of $660. He has also provided the Court with a reasonable breakdown of the time thus spent. Accordingly, the final EAJA fee award amounts to $5,012. The SSA is directed to remit this amount to plaintiff's counsel.[1]

IT IS SO ORDERED.

Dated: 05/19/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's counsel represents that Thomas provided a signed affidavit stating that she assigns EAJA fees to her attorney, and the SSA has not contested this representation. The SSA has previously indicated its willingness to withdraw its argument that the EAJA fees must be awarded directly to plaintiff in the event plaintiff's counsel produces such an affidavit. Therefore the SSA is instructed to remit the fee award directly to plaintiff's counsel.